IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAMIEN BACA, | | |
| | Plaintiff, | No. CIV S-06-0191 DFL DAD P |
| | vs. | |
| E.A. REYES, | | ORDER AND |
| | Defendant. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). Pursuant to the screening requirement, the court must dismiss claims that are legally frivolous or malicious, claims that fail to state a claim upon which relief may be granted, and claims that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Similarly, when a plaintiff is proceeding in forma pauperis, the court is required to dismiss the case if the court determines at any time that the action is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court also construes the pleading in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the present case, plaintiff has sued E.A. Reyes, a correctional officer and the appeals coordinator at Mule Creek State Prison, where plaintiff was confined when he filed the case.[1] Plaintiff indicates that he filed a grievance concerning the facts relating to this complaint and that the grievance process has not been completed. Plaintiff alleges as follows: On June 18, 2004, plaintiff was notified by defendant Reyes that plaintiff's appeal from a disciplinary conviction for possession of a deadly weapon was denied; plaintiff's cellmate had claimed sole ownership of the inmate-manufactured dart found in the inmates' shared cell; defendant Reyes

---

[1] On March 13, 2006, the court received plaintiff's notice of transfer to Salinas Valley State Prison.

2

discriminated against plaintiff by finding him guilty on the basis of his gang association; defendant Reyes expressed a biased opinion and denied the appeal on the basis of falsified documents; plaintiff was assessed a ten-month term in SHU and lost 360 days of time credits. Plaintiff seeks his immediate release from prison, an award of $375,000, and damages in the amount of $100 per day for every day he has been falsely detained in prison.

When a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The plaintiff in this case filed his civil rights action concurrently with a petition for writ of habeas corpus in which he challenges his 2004 disciplinary conviction. See Baca v. Reyes, case No. CIV S-06-0185 MCE DAD P. To the extent that plaintiff seeks habeas relief in this civil rights action, the claim must be dismissed as legally frivolous and as duplicative of the habeas case.

When a prisoner seeks money damages based on allegations that imply the invalidity of his confinement, the prisoner may not seek damages pursuant to § 1983 until he has established, through appropriate state or federal remedies, that his confinement is in fact illegal. Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Plaintiff's allegations in case No. CIV S-06-00185 reveal that his disciplinary conviction has not been invalidated. Accordingly, plaintiff may not seek damages for his claims that he was falsely convicted and is falsely detained. To the extent that plaintiff claims defendant Reyes is responsible for plaintiff's loss of 360 days of time credits, the claims for damages against the defendant are not cognizable under § 1983 at this time and must be dismissed without prejudice. Plaintiff may re-file such claims in a new case at a later time if his disciplinary conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

/////

1  The undersigned finds that plaintiff cannot amend his pleading to state a claim
2  that is cognizable in federal court at the present time.  The complaint should therefore be
3  dismissed without leave to amend.  See Coakley v. Murphy, 884 F.2d 1218, 1221-22 (9th Cir.
4  1989).
5  In accordance with the above, IT IS HEREBY ORDERED that plaintiff's January
6  27, 2006 application to proceed in forma pauperis is denied; and
7  IT IS RECOMMENDED that this action be dismissed without prejudice for
8  failure to state a claim that is cognizable at the present time.
9  These findings and recommendations are submitted to the United States District
10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
11 days after being served with these findings and recommendations, plaintiff may file written
12 objections with the court.  A document containing objections should be titled "Objections to
13 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
14 objections within the specified time may, under certain circumstances, waive the right to appeal
15 the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
16 DATED: May 1, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

20 DAD:13
baca0191.56

4